J-S27014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: J.S., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: J.S., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 455 MDA 2023 |

Appeal from the Order Entered January 13, 2023
In the Court of Common Pleas of Bradford County Orphans' Court at
No(s):  27 ADOPT 2022

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 11, 2023**

Appellant, J.S. ("Father"), appeals from the orphans' court's order granting the petition for involuntary termination of his parental rights to J.S. ("Child"), born in August of 2015.  Because no counsel was appointed to represent Child, we vacate the orphans' court's order and remand for further proceedings.

Due to our disposition, we need not delve deeply into the underlying facts of this matter.  Instead, we note that S.S. ("Mother") and her fiancé, D.V. ("Mother's Fiancé") (collectively "Petitioners"), filed a petition for involuntary termination of parental rights against Father with respect to Child on August 15, 2022.  The petition alleged, *inter alia*, that Mother has had custody of Child since his birth, and that Mother's Fiancé has had custody of Child since July of 2017.  Petition for Involuntary Termination of Parental Rights, 8/15/22, at ¶ 7.  According to Petitioners, Father — by his conduct —

has clearly indicated a settled purpose of relinquishing his parental claim to Child for a period in excess of six months, and has refused and failed to perform any parental duties. *Id.* at ¶ 10.

On December 8, 2022, counsel was appointed to represent Father.[1] A termination hearing was held on January 10, 2023, at which Father opposed the termination of his rights. On January 13, 2023, the orphans' court entered an order terminating Father's parental rights. Thereafter, Father filed a timely notice of appeal on February 2, 2023, but failed to contemporaneously file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). *See* Pa.R.A.P. 1925(a)(2)(i) ("In a children's fast track appeal[, t]he concise statement of errors complained of an appeal shall be filed and served with the notice of appeal."). On February 3, 2023, the trial court directed Father to file his concise statement within 21 days, *i.e.*, by February 24, 2023. The docket indicates that Father did not file his concise statement until February 28, 2023.[2]

Despite Father's non-compliance with Rule 1925(a)(2)(i) and ostensibly late filing, we decline to find waiver. Initially, this Court has determined that an appellant's failure to simultaneously file a concise statement in accordance

---

[1] The orphans' court did not appoint Child counsel or a guardian ad litem.

[2] Confusingly, however, on February 24, 2023, Father's counsel filed with the court a certificate of service indicating that the concise statement was served by hand delivery to the orphans' court, and by first class mail to Petitioners' counsel. In addition, the concise statement contained in the record is stamped that it was recorded in Bradford County on February 24, 2023.

with Rule 1925(a)(2)(i), does not result in waiver where the appellant later filed the statement and there was no allegation of prejudice due to the late filing. *See In re K.T.E.L.*, 983 A.2d 745, 747-48 (Pa. Super. 2009). Further, the docket does not indicate that notice of the trial court's February 3, 2023 order, directing him to file the statement within 21 days, was given to Father pursuant to Pa.R.Civ.P. 236(b). *See* Pa.R.Civ.P. 236(b) ("The prothonotary shall note in the docket the giving of the notice…."); *see also* Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."). As such, we do not deem Father's issues waived and proceed to the merits of Father's appeal.

Father raises the following questions for our review:

1. Whether the [c]ourt erred as a matter of law in terminating [Father's] parental rights.

2. Whether the [c]ourt erred as a matter of law in concluding [Father's] conduct evidenced a settled purpose of relinquishing parental claims.

3. Whether the [c]ourt erred as a matter of law in failing to consider the suitability of [Mother's Fiancé] as the intended adopter of the subject child.

Father's Brief at 5.

In Father's first issue, he argues that the orphans' court committed reversible error when it failed to appoint counsel for Child. He says that appointment of counsel is required by law. Specifically, he points to Section 2313(a) of the Adoption Act, which states:

- 3 -

**(a) Child.--**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a).[3]

In addition, he relies on Orphans' Court Rule 15.10(d)(1), which provides:

**(d) Appointment of Counsel.**

*(1) Child.* In accordance with 23 Pa.C.S. § 2313(a), the court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is contested by one or both parents. If the court determines that the child requires counsel to represent both the best interests and legal interests of the child, the court shall determine on the record whether counsel can represent both interests without conflict before appointing an individual to serve as both guardian ad litem and counsel for the child.

***See*** Pa.O.C.R. 15.10(d)(1). In addition, Father claims that "the failure to

appoint an attorney to represent a child's legal interests constitutes structural

---

[3] The comment to Section 2313 states:

This new provision requires the court to appoint counsel for a child when parental rights are being involuntarily terminated and, when necessary, to appoint a guardian ad litem for a child who has not reached the age of 18 years. The guardian ad litem concept is broad enough to allow the appointment of a person other than a lawyer. For example, a social worker could be appointed guardian ad litem within this provision; in an appropriate case a nonlawyer guardian ad litem could request appointment of counsel.

23 Pa.C.S. § 2313 Jt. St. Gov. Comm. cmt.

errors which is not subject to a harmless-error analysis and not subject to waiver." Father's Brief at 12 (citations omitted).

Mother concedes that no counsel was appointed for Child as required by law and agrees that the matter should be remanded for a new hearing. Mother's Brief at 5, 13.[4] Further, she candidly conveys that, "[w]hile this issue was not raised before, during, or after the hearing, nor was it properly raised in Father's concise statement of matters to be complained of on appeal, Mother recognizes the court's authority to engage in a *sua sponte* review of this particular issue." *Id.* at 5 (citation omitted).

Mother and Father are both correct. "Section 2313(a) requires that the common pleas court appoint an attorney to represent the child's legal interest, *i.e.*[,] the child's preferred outcome…." ***In re Adoption of K.M.G.***, 240 A.3d 1218, 1223-24 (Pa. 2020) (quotations marks and citation omitted).[5] In addition, Father's failure to preserve this issue is of no moment, as our

---

[4] The appellee brief filed seems to only relate to Mother, not both Petitioners.

[5] A child's legal interests are distinct from his or her best interests. ***See In re T.S.***, 192 A.3d 1080, 1082 n.2 (Pa. 2018) ("'Legal interests' denotes that an attorney is to express the child's wishes to the court regardless of whether the attorney agrees with the child's recommendation. 'Best interests' denotes that a guardian ad litem is to express what the guardian ad litem believes is best for the child's care, protection, safety, and wholesome physical and mental development regardless of whether the child agrees.") (citations omitted); ***In re Adoption of L.B.M.***, 161 A.3d 172, 174 (Pa. 2017) ("In cases involving children, the law acknowledges two separate and distinct categories of interest: a child's legal interests, which are synonymous with the child's preferred outcome, and a child's best interests, which the trial court must determine.") (footnotes omitted).

Supreme Court has stated that "appellate courts should engage in limited *sua sponte* review of whether children have been afforded their statutory right to legal counsel when facing the potential termination of their parents' parental rights." ***Id.*** at 1238. Here, the orphans' court failed to appoint Child counsel to represent his legal interests, as required by Section 2313(a). This amounts to structural error. ***See id.*** at 1235 (recognizing that "the failure to appoint a separate attorney to represent the child's legal interests constitutes structural error, meaning it is not subject to a harmless-error analysis," and that "the issue was non-waivable, because the right belonged to the child who, given that he or she was unrepresented, could not have challenged the lack of counsel") (citations and quotation marks omitted).

Therefore, based on the foregoing, we vacate the orphans' court order granting the petition for involuntary termination of Father's parental rights. We remand for the orphans' court to appoint Child counsel and, after doing so, to hold a new termination hearing.[6]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[6] Due to our disposition, we need not address Father's remaining issues. However, we observe that, pursuant to Orphans' Court Rule 15.6, "a parent can petition to terminate the parental rights of the other parent only where there is evidence of a present plan for the child to be adopted by a stepparent or other person." ***See*** Explanatory Comment to Pa.O.C.R. 15.6. "A mere averment in the petition or testimony by the petitioning birth parent is insufficient; instead, evidence must be presented to the court considering the parental rights termination petition that the child's adoption is intended and foreseeable." ***Id.***

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/11/2023